IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

WENCESLAO FUERTE HERNANDEZ,

                             Plaintiff                      No. 3:12-cv-00106-MO

v.                                        **OPINION AND ORDER**

BAC HOME LOAN SERVICING, LP,
et al.

                             Defendants.

**MOSMAN, J.,**

      This is a dispute over defendant's authority to conduct a non-judicial foreclosure of real property. Defendant moves to dismiss [10] under Fed. R. Civ. P. 12(b)(6). I conclude plaintiff's claims fail, and therefore grant the motion to dismiss.

### BACKGROUND

      Mr. Hernandez accepted a $155,200.00 loan to purchase residential real property in

OPINION AND ORDER - 1

November 2006. He failed to service this loan and defaulted in September 2009. MERS[1] assigned the Deed of Trust to BAC Home Loans Servicing ("BAC") in December 2009, and recorded this assignment in the Multnomah County Recorder's office on December 31, 2009. BAC appointed ReconTrust as its successor trustee, and also recorded this appointment on December 31, 2009. ReconTrust recorded a Notice of Default and Election to Sell on April 22, 2011, commencing non-judicial foreclosure proceedings. The sale was completed on October 6, 2011, and the trustee's deed was issued and recorded on October 28, 2011.

Plaintiff commenced proceedings seeking declaratory judgment that the October 6, 2011, foreclosure sale was invalid, and alleging various predatory lending practices on December 6, 2011, in Multnomah County Circuit Court. The matter was removed to this court [1] on January 19, 2012.

## DISCUSSION

### I. Jurisdiction

I have jurisdiction under 28 U.S.C. § 1332. Complete diversity arises because the action is between citizens of different states and the amount in controversy exceeds $75,000. Federal question jurisdiction arises under 28 U.S.C. § 1331 relating to claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605. I have supplemental jurisdiction under 28 U.S.C. § 1367 over remaining state law claims.

---

[1] MERS is a private electronic database that tracks transfer of "beneficial interest" in home loans. At loan origination, MERS is designated in the Trust Deed as nominee for the lender and the lender's "successors and assigns" and as the deed's "beneficiary." Subsequent transfers of beneficial interest in the loan between MERS members are recorded in the MERS database, rather than county records, because MERS continues to hold the deed on the new lender's behalf. If the beneficial interest is transferred to a non-member, the transaction is recorded in the county records and MERS ceases tracking the loan. *Cervantes v. Countrywide Home Loans*, Inc. 656 F.3d 1034, 1038-40 (9th Cir. 2011).

OPINION AND ORDER - 2

## II. Standard

In a motion to dismiss, all allegations are set forth in the complaint are "taken to be true and construed in the light most favorable to [p]laintiffs," but "conclusory allegations of law are insufficient to defeat the motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) (citing *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). To survive the motion, a complaint must contain "sufficient factual matter to state a facially plausible claim for relief." *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). Consideration of evidence on the merits converts the action to a motion for summary judgment, Fed. R. Civ. P. 12(d), but a contract attached to the motion for dismissal is not "outside the pleading." *GFF Ciro, v, Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997).

## III. Analysis

The complaint seeks: (1) declaratory relief invalidating a judicial foreclosure sale; (2) declaratory relief for improper accounting; (3) unspecified relief for predatory lending practices; (4) unspecified relief because MERS is allegedly an improper beneficiary under Or. Rev. Stat. § 86.705(1); and (5) an order quieting title in plaintiff's name. Claims 1, 4, and 5 turn upon whether MERS is properly construed as a beneficiary under the Oregon Trust Deed Act ("OTDA"). (Notice of Removal [1] Ex. 1 at 7-18.) None of these claims are new to this court, and there is little room for original analysis.

### A. MERS as Beneficiary

Mr. Hernandez argues that MERS is not a valid trustee beneficiary under the OTDA, O.R.S.

Case 3:12-cv-00106-MO   Document 24   Filed 05/23/12   Page 4 of 8

§ 86.705(2)(2011). Consequently, he argues that the December 2009 assignment of beneficiary interest under the trust deed from MERS to BAC is invalid.

MERS may serve as a beneficiary named in a trust deed. *Beyer v. Bank of America*, 800 F. Supp. 1157, 1160 (D. Or. 2011). The essential reasoning is simple: Oregon law addresses the designation of a beneficiary, specifically, "beneficiary means the person name or otherwise designated in a trust deed as the person for whose benefit a trust deed is given." Or. Rev. St. § 86.705. Because the trust deed names MERS as beneficiary, "which is to say the person for whose benefit the trust deed is given," MERS is the beneficiary. *Beyer*, 800 F.Supp.2d at 1160.

Construing MERS as beneficiary remains consistent with the statutory definition of beneficiary, which is expressly based upon the language in the trust deed, rather than the note. ORS § 86.705(1)(2012). It also promotes efficiency and the public interest in the freedom of contract. *Thompson, et al. v. Bank of New York Mellon, et al.*, No. 3:12-cv-00066-MO, 2012 WL 1253203 at *5 (D. Or. April 12, 2012). Finally, this conclusion is consistent with other recent decisions of this court. *Reeves v. Recontrust Co.*, __ F. Supp. __ (available at 2012 WL 652681 at * 6) (D. Or. Feb. 28, 2012); *Moreno v. Bank of Am. N.A.*, No. 3:11-cv-1265-HZ, 2012 WL 1462338 at *4 (D. Or. Apr. 27, 2012).

I therefore find that MERS may act as beneficiary. Here, the parties' Deed of Trust expressly contracted: "MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is beneficiary under this Security Instrument." Trust Deed at 4. Further, the named beneficiary of the trust instrument, MERS and its successors, hold only legal title, but:

> If necessary to comply with law or custom, MERS (as nominee for
> Lender and Lender's successors and assigns) has the right: to exercise

OPINION AND ORDER - 4

> any and all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and cancelling this Security Instrument. Trust Deed at 5.

A plain reading of the clause shows that the parties intended to contract MERS as beneficiary with right to foreclose. "Beneficiary" under OTDA means "a person named or otherwise designated in a trust deed as the person for whose benefit a trust deed is given, and who is not the trustee unless the beneficiary is qualified to be a trustee . . . ." O.R.S. § 86.705(2)(2012). Nothing in this statutory definition precludes naming MERS as beneficiary. Deferring again to the parties' contractual intent, which is presumed to govern under Oregon law, *CACV of Co., LLC v. Stevens*, 274 P.3d at 859, 871-72 (Or. App. 2012) , a conclusion follows that MERS is here appropriately named as beneficiary.

This finding directs that Plaintiff's claims (1), (4), and (5) be dismissed.

### B.     Predatory Lending Claim

Mr. Hernandez also claims that defendant America's Wholesale Lender engaged in predatory lending practices in violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, and Truth in Lending Act ("TILA"), 15 U.S.C. § 1601. Compl. ¶¶ 4.1-4.6. He additionally claims that defendant violated the Oregon Unfair Trade Practices Act ("UTPA"), ORS 646.605(6). Compl. ¶ 4.5. His submissions to this court provide no explanation for these claims.

Defendant asserts that Mr. Hernandez abandoned these claims, and they therefore need not be considered. Def.'s Reply, 18. Defendant's authorities properly support this position: a court may construe silence as admission that claims are meritless, *USA Petroleum Co. V. Atl. Richfield Co.*, 13 F.3d 1276, 1284 (9th Cir. 1994), and a foreclosure challenge may be dismissed when plaintiff did not oppose arguments in support of motion to dismiss. *Hubbard v. Bank of Am.*, No. 10-3094-CL, 2011 WL 2470021 at * 5-6 (D. Or. 2011). The claims are addressed below for completeness.

OPINION AND ORDER - 5

### 1. RESPA Claim

RESPA allows, at most, a three-year limitation period. 12 U.S.C. § 2614. The loan in question closed in November 2006, and Mr. Hernandez did not file his initial Complaint until December 6, 2011. This action is clearly outside the RESPA limitations period and therefore does not survive.

### 2. TILA Claim

Similarly, an action for damages under TILA has a one-year statute of limitations. 15 U.S.C. § 1640(e); *King v. State of Calif.*, 784 F.2d 910, 915 (9th Cir. 1986). The limitations period runs from the date the transaction is consummated, subject to equitable tolling. *Id.*

Rescission notice may direct a three-year statutory limitation under TILA. 15 U.S.C. § 6305(b). Here, plaintiffs must show that they are willing and able to tender the outstanding debt to trigger such a provision. *Hogan v. NW Trust Services, Inc. et al.*, No. 10-6028-HO, 2010 WL 1872945 at *6 (D. Or. 2010). Mr. Hernandez presently fails to do so, and the court is therefore without basis to consider an equitable tolling. Furthermore, TILA allows for at most a three-year maximum tolling period, 15 U.S.C. § 6305(b), and Mr. Hernandez remains outside that period even with the benefit of any applicable equitable tolling.

### 3. UTPA Claim

Mr. Hernandez also claims violation of the Oregon Unfair Trade Practices Act ("UTPA"). Defendants correctly state that UTPA, as effected in 2006, did not apply to credit extensions. UTPA applied only to "real estate, goods, or services." ORS 646.605(6) (2006). Numerous courts agree

that UTPA excluded[2] credit transactions. *Haeger v. Johnson*, 548 P.2d 532, 535 (Or. App. 1976) (monetary transactions not within UTPA); *Lamm v. Amfac Mortgage Corp.*, 605 P.2d 730, 731 (Or. App. 1980); *Hogan v. Northwest Trust Services*, No. 10-6028-HO, 2010 WL 1872945 at *8 (D. Or. 2010) (loans not within UPTA); *Lock v. JPMorgan Chase Bank*, No. 10-6207-AA, 2010 WL 4538130 at *1 (D. Or. 2010) (overdraft credit not within UPTA). Mr. Hernandez offers no further explanation for the manner in which UTPA would apply to him. Because this present action stems from a credit arrangement occurring in 2006, the UTPA claim accordingly fails.

### C. Other Claims

Mr. Hernandez' remaining claims seek to quiet title, Compl. ¶ 6.1–6.4, and obtain declaratory relief for allegedly improper accounting. Compl. ¶ 3.1-3.7.

The quiet title claim merely restates claims addressed above. Compl. ¶ 6.1. Because Mr. Hernandez provides no substantive further explanation, Pl.'s Mem., 25, this claim would concurrently fail.

Finally, Mr. Hernandez alleges improper accounting, specifically that Trustee's Notice of Sale cites incorrect figures. Compl. ¶ 3.4. He neither cites nor explains such inaccuracies. *Id.* ¶ 3.1-3.7, Pl.'s Mem. in Opp. at 23-24. This claim, and associated briefing, is conclusory, and is therefore without merit.

### CONCLUSION

For these reasons, the motion to dismiss [10] is granted. Claims 1, 4, and 5 should be dismissed with prejudice. All are based upon a theory that MERS is an invalid beneficiary. Claim

---

[2] UTPA was amended to include "loans and extensions of credit," effective March 23, 2010. O.R.S. § 646.605(6) (2010).

OPINION AND ORDER - 7

2 alleging predatory lending and claim 3 alleging improper accounting should also be dismissed with prejudice because Mr. Hernandez makes no more than conclusory allegations of error, and the predatory lending claim is further time-barred.

IT IS SO ORDERED.

DATED this 23 day of May, 2012.

MICHAEL W. MOSMAN
United States District Judge